

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                :

    -v.-                                :
                                           :    **INDICTMENT**

ZVI GOFFER,                             :
ARTHUR CUTILLO,                         :    10 Cr. __
JASON GOLDFARB,                         :
CRAIG DRIMAL,                           :
EMANUEL GOFFER,                         :    # 10 CRIM 056
MICHAEL KIMELMAN, and                   :
DAVID PLATE,                            :
                                           :
    Defendants.                         :
                                           :

- - - - - - - - - - - - - - - - x

## COUNT ONE

### (Conspiracy to Commit Securities Fraud)

The Grand Jury charges:

### Relevant Entities and Individuals

1.    At all times relevant to this Indictment, The Schottenfeld Group LLC ("Schottenfeld") was a broker dealer with offices in New York, New York.

2.    At all times relevant to this Indictment, the Galleon Group ("Galleon") operated a family of hedge funds based in New York, New York.

3.    From in or about January 2007 through in or about December 2007, ZVI GOFFER, the defendant, worked at Schottenfeld. From in or about January 2008 through in or about August 2008, ZVI GOFFER worked at Galleon.  In or about 2008, ZVI GOFFER started operating a trading firm called Incremental Capital.

4.    At all times relevant to this Indictment, ARTHUR CUTILLO, the defendant, was an attorney at the law firm of Ropes & Gray LLP ("Ropes & Gray") in New York, New York.

5.    At certain times relevant to this Indictment, Brien Santarlas, a co-conspirator not named as a defendant herein, was an attorney at the law firm of Ropes & Gray in New York, New York.

6.    At all times relevant to this Indictment, Ropes & Gray, among other things, represented companies in connection with business combinations, including potential and actual mergers and acquisition transactions, litigation, and other matters.

7.    At all times relevant to this Indictment, JASON GOLDFARB, the defendant, was an attorney who resided in New York, New York.

8.    At certain times relevant to this Indictment, 3Com Corporation ("3Com"), a technology company, was a public company whose stock traded on NASDAQ under the symbol "COMS."

9.    At certain times relevant to this Indictment, Axcan Pharma, Inc. ("Axcan"), a pharmaceutical company, was a public company whose stock traded on NASDAQ under the symbol "AXCA."

### Ropes & Gray's Policies Concerning Confidentiality and Insider Trading

10.   At all times relevant to this Indictment, Ropes & Gray established and distributed to its employees, including ARTHUR CUTILLO, the defendant, and Brien Santarlas, written policy statements regarding each employee's duty to maintain in

2

confidence information concerning Ropes & Gray's clients.  Among other things, Ropes & Gray's policies stated that no employee could "knowingly reveal confidential information about a client's affairs, or use confidential information to the client's disadvantage, or for his or her own personal advantage or the advantage of a third person."  Ropes & Gray's policies further stated that it was "generally illegal to communicate (to 'tip') material nonpublic information to another person who trades in securities on the basis of the information or in turn passes the information on to someone who trades."  Ropes & Gray's policies also stated that "[a]ll information that an investor would consider important in deciding whether to buy, sell or hold securities is considered material" and included a list of examples of material information such as "possible mergers, acquisitions, joint ventures and other purchases and sales of companies and investments in companies."

11.  At all relevant times, ARTHUR CUTILLO, the defendant, and Brien Santarlas owed fiduciary and other duties of trust and confidence to Ropes & Gray and its clients to maintain the confidentiality of information that CUTILLO and Santarlas learned as a result of their employment at Ropes & Gray, not to trade based on that information, and not to disclose the information to "anyone else who then trades or in turn 'tips' another person who trades."

3

## Access to Inside Information

12.   In connection with its activities as a law firm, Ropes & Gray received material nonpublic information from various clients concerning, among other things, the clients' actual or contemplated mergers, acquisitions, other business combinations, and other matters.   In the course of their work at Ropes & Gray, ARTHUR CUTILLO, the defendant, and Brien Santarlas had access to and learned material nonpublic information belonging to Ropes & Gray and its clients, including information concerning the following transactions, among others, in which Ropes & Gray was involved:

| Ropes & Gray Client | Transaction | Date of Public Announcement |
|---|---|---|
| Bain Capital Partners, LLC ("Bain Capital") | Acquisition of 3Com by Bain Capital and its affiliates | September 28, 2007 |
| TPG Capital | Acquisition of Axcan by TPG Capital and its affiliates | November 29, 2007 |

## The Insider Trading Scheme

13.   From at least in or about 2007 through at least in or about 2008, ZVI GOFFER, ARTHUR CUTILLO, JASON GOLDFARB, the defendants, Brien Santarlas, and others known and unknown, participated in a scheme to defraud by executing and causing to be executed securities trades on the basis of material nonpublic information regarding forthcoming announcements relating to the acquisitions of 3Com and Axcan, listed in paragraph 12 above, and

regarding potential acquisitions and events relating to other public companies.  CUTILLO and Santarlas provided ZVI GOFFER and GOLDFARB, and others known and unknown, with material nonpublic information regarding transactions and events that related to public companies and on which Ropes & Gray was working (the "Ropes & Gray Inside Information"), in violation of (a) the fiduciary and other duties of trust and confidence owed by CUTILLO and Santarlas to Ropes & Gray and its clients, (b) the expectations of confidentiality of Ropes & Gray's clients, and (c) Ropes & Gray's written policies regarding the use and safekeeping of confidential and material nonpublic information.

14.  From at least in or about 2007 through at least in or about 2008, on the basis of the Ropes & Gray Inside Information, ZVI GOFFER, ARTHUR CUTILLO, JASON GOLDFARB, the defendants, Brien Santarlas, and others known and unknown, executed and caused trades to be executed in the securities of 3Com and Axcan prior to the public announcement of each company's acquisition, as set forth in paragraph 12 above, and in the securities of other public companies.  As a result of trading on the basis of the Ropes & Gray Inside Information, ZVI GOFFER, CUTILLO, GOLDFARB, Santarlas, and others known and unknown, earned hundreds of thousands of dollars in unlawful profits.

15.  As a further part of the scheme, ZVI GOFFER and JASON GOLDFARB, the defendants, and others known and unknown, paid

tens of thousands of dollars in cash to ARTHUR CUTILLO, the defendant, and Brien Santarlas in exchange for the Ropes & Gray Inside Information.

### The Conspiracy

16.  From at least in or about 2007 through at least in or about 2008, in the Southern District of New York and elsewhere, ZVI GOFFER, ARTHUR CUTILLO, JASON GOLDFARB, the defendants, Brien Santarlas, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

### Object of the Conspiracy

### Securities Fraud

17.  It was a part and an object of the conspiracy that ZVI GOFFER, ARTHUR CUTILLO, JASON GOLDFARB, the defendants, Brien Santarlas, and others known and unknown, unlawfully, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section

6

240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon any person, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

## Means and Methods of the Conspiracy

18. Among the means and methods by which ZVI GOFFER, ARTHUR CUTILLO, JASON GOLDFARB, the defendants, Brien Santarlas, and their co-conspirators would and did carry out the conspiracy were the following:

a.    CUTILLO and Santarlas misappropriated the Ropes & Gray Inside Information in violation of (1) the fiduciary and other duties of trust and confidence that CUTILLO and Santarlas owed to Ropes & Gray and its clients, (2) the expectations of confidentiality of Ropes & Gray's clients, and (3) Ropes & Gray's policies regarding the use and safekeeping of confidential and material nonpublic information.

b.    CUTILLO and Santarlas, in breach of their duty of confidentiality to Ropes and Gray and its clients, disclosed

the Ropes & Gray Inside Information to ZVI GOFFER and GOLDFARB, with the understanding that ZVI GOFFER and others would use the Ropes & Gray's Inside Information to purchase and sell securities, and thereby receive substantial illegal profits.

    c.   ZVI GOFFER and others known and unknown used the Ropes & Gray Inside Information to execute and cause others to execute profitable securities transactions.

    d.   ZVI GOFFER, GOLDFARB, and others known and unknown paid tens of thousands of dollars in cash to CUTILLO and Santarlas in exchange for the Ropes & Gray Inside Information.

### Overt Acts

19.  In furtherance of the conspiracy, and to effect the illegal object thereof, ZVI GOFFER, ARTHUR CUTILLO, JASON GOLDFARB, the defendants, Brien Santarlas, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a.  In or about August 2007, in New York, New York, CUTILLO and Santarlas provided Ropes & Gray Inside Information relating to the potential acquisition of 3Com to GOLDFARB.

    b.  In or about August 2007, GOLDFARB provided Ropes & Gray Inside Information relating to the potential acquisition of 3Com to ZVI GOFFER.

    c.  On or about August 7, 2007, on the basis of the Ropes & Gray Inside Information provided by CUTILLO and Santarlas,

ZVI GOFFER caused the purchase of approximately 75,000 shares of 3Com common stock.

        d.  On or about September 17, 2007, on the basis of the Ropes & Gray Inside Information provided by CUTILLO and Santarlas, ZVI GOFFER caused the purchase of approximately 30,000 shares of 3Com common stock.

        e.  In or about November 2007, in New York, New York, CUTILLO and Santarlas provided Ropes & Gray Inside Information relating to the potential acquisition of Axcan to GOLDFARB.

        f.  In or about November 2007, GOLDFARB provided Ropes & Gray Inside Information relating to the potential acquisition of Axcan to ZVI GOFFER.

        g.  On or about November 30, 2007, in New York, New York, ZVI GOFFER met with GOLDFARB.

        h.  On or about January 2, 2008, at approximately 3:14 p.m., GOLDFARB spoke to ZVI GOFFER by telephone.

        i.  On or about February 20, 2008, at approximately 12:55 p.m., GOLDFARB spoke to ZVI GOFFER by telephone.

        (Title 18, United States Code, Section 371.)

## COUNT TWO

(Conspiracy to Commit Securities Fraud)

The Grand Jury further charges:

20.   The allegations contained in paragraphs 1 through 15, 18, and 19 are repeated and realleged as if fully set forth herein.

21.   At all times relevant to this Indictment, CRAIG DRIMAL, the defendant, worked in Galleon's office space in New York, New York.

22.   From in or about January 2007 through in or about November 2007, EMANUEL GOFFER, the defendant, worked at Spectrum Trading LLC.  In or about 2008, EMANUEL GOFFER was associated with Incremental Capital.

23.   At all times relevant to this Indictment, MICHAEL KIMELMAN, the defendant, was a securities trader.  Starting in or about 2008, KIMELMAN was associated with Incremental Capital.

24.   From in or about June 2006 through in or about March 2008, DAVID PLATE, the defendant, worked at Schottenfeld.

25.   From at least in or about March 2007 through in or about 2008, Gautham Shankar, a co-conspirator not named as a defendant herein, worked as a proprietary trader at Schottenfeld.

26.   At certain times relevant to this Indictment, Kronos Incorporated ("Kronos"), a company which provided organization and management services, was a public company whose

stock traded on NASDAQ under the symbol "KRON."

27.   At certain times relevant to this Indictment, Hilton Hotels Corp. ("Hilton Hotels"), a hotel company, was a public company whose stock traded on the New York Stock Exchange under the symbol "HLT."

28.   From at least in or about 2006 through at least in or about 2008, ZVI GOFFER, JASON GOLDFARB, CRAIG DRIMAL, EMANUEL GOFFER, MICHAEL KIMELMAN, DAVID PLATE, the defendants, Gautham Shankar, and others known and unknown, participated in a scheme to defraud by executing securities trades on the basis of material nonpublic information regarding certain public companies' merger and acquisition activities that had been misappropriated in violation of fiduciary and other duties of trust and confidence.

29.   As a part of the scheme, ZVI GOFFER and JASON GOLDFARB, the defendants, provided to CRAIG DRIMAL, EMANUEL GOFFER, MICHAEL KIMELMAN, DAVID PLATE, the defendants, and others known and unknown, the Ropes & Gray Inside Information, including information regarding 3Com and Axcan, which had been misappropriated by ARTHUR CUTILLO, the defendant, and Brien Santarlas, in violation of duties of trust and confidence.

30.   As a further part of the scheme, Gautham Shankar provided to ZVI GOFFER, CRAIG DRIMAL, EMANUEL GOFFER, MICHAEL KIMELMAN, and DAVID PLATE, the defendants, and others known and unknown, material nonpublic information regarding the following

11

mergers and acquisitions, which had been misappropriated by others in violation of duties of trust and confidence:

| Target Company | Transaction | Date of Public Announcement |
| --- | --- | --- |
| Kronos | Acquisition of Kronos by Hellman & Friedman Capital Partners VI, L.P., and its related funds | March 23, 2007 |
| Hilton | Acquisition of Hilton by The Blackstone Group | July 3, 2007 |

31.  On the basis of the Ropes & Gray Inside Information and the material nonpublic information provided by Gautham Shankar relating to the acquisitions of Kronos and Hilton listed in paragraph 30 above, ZVI GOFFER, JASON GOLDFARB, CRAIG DRIMAL, EMANUEL GOFFER, MICHAEL KIMELMAN, DAVID PLATE, the defendants, and others known and unknown, executed trades and caused others to execute trades in the securities of target companies prior to the public announcements of the acquisitions, earning millions of dollars in unlawful profits.

32.  Among other things, in exchange for the Ropes & Gray Inside Information and material nonpublic information relating to the acquisitions of Kronos and Hilton listed in paragraph 30 above, ZVI GOFFER, JASON GOLDFARB, CRAIG DRIMAL, and EMANUEL GOFFER, the defendants, made and caused others to make cash payments of thousands of dollars, directly or indirectly, to ARTHUR CUTILLO, the defendant, Brien Santarlas, and Gautham Shankar.

## The Conspiracy

33.    From at least in or about 2006 through at least in or about 2008, in the Southern District of New York and elsewhere, ZVI GOFFER, JASON GOLDFARB, CRAIG DRIMAL, EMANUEL GOFFER, MICHAEL KIMELMAN, DAVID PLATE, the defendants, Gautham Shankar, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

## Object of the Conspiracy

## Securities Fraud

34.    It was a part and an object of the conspiracy that ZVI GOFFER, JASON GOLDFARB, CRAIG DRIMAL, EMANUEL GOFFER, MICHAEL KIMELMAN, DAVID PLATE, the defendants, Gautham Shankar, and others known and unknown, unlawfully, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue

13

statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon any person, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

<u>Means and Methods of the Conspiracy</u>

35. Among the means and methods by which ZVI GOFFER, JASON GOLDFARB, CRAIG DRIMAL, EMANUEL GOFFER, MICHAEL KIMELMAN, DAVID PLATE, the defendants, Gautham Shankar, and their co-conspirators would and did carry out the conspiracy were the following:

a.    ZVI GOFFER and GOLDFARB obtained from ARTHUR CUTILLO, the defendant, and Brien Santarlas the Ropes & Gray Inside Information that had been misappropriated by CUTILLO and Santarlas in violation of fiduciary and other duties of trust and confidence.

b.    ZVI GOFFER, GOLDFARB, DRIMAL, EMANUEL GOFFER, KIMELMAN, and PLATE, while in possession of the Ropes & Gray Inside Information that each of them knew had been misappropriated by others in violation of duties of trust and confidence, executed and caused others to execute profitable securities transactions on

14

the basis of the Ropes & Gray Inside Information.

        c.    ZVI GOFFER, GOLDFARB, DRIMAL, and EMANUEL GOFFER, and others known and unknown, paid tens of thousands of dollars in cash to CUTILLO and Santarlas in exchange for the Ropes & Gray Inside Information.

        d.    ZVI GOFFER, DRIMAL, EMANUEL GOFFER, KIMELMAN, and PLATE, obtained from Gautham Shankar material nonpublic information regarding mergers and acquisitions of public companies that had been misappropriated by others in violation of fiduciary and other duties of trust and confidence.

        e.    ZVI GOFFER, DRIMAL, EMANUEL GOFFER, KIMELMAN, and PLATE, while in possession of the material nonpublic information from Shankar that each of them knew had been misappropriated by others in violation of duties of trust and confidence, executed and caused others to execute profitable securities transactions on the basis of material nonpublic information.

        f.    ZVI GOFFER, DRIMAL, and EMANUEL GOFFER, and others known and unknown, paid thousands of dollars in cash to Gautham Shankar in exchange for the material nonpublic information.

## **Overt Acts**

    36.  In furtherance of the conspiracy and to effect the illegal object thereof, ZVI GOFFER, JASON GOLDFARB, CRAIG DRIMAL,

15

EMANUEL GOFFER, MICHAEL KIMELMAN, DAVID PLATE, the defendants,
Gautham Shankar, and their co-conspirators committed the following
overt acts, among others, in the Southern District of New York and
elsewhere:

      a.   On or about August 7, 2007, ZVI GOFFER caused
the purchase of approximately 75,000 shares of 3Com common stock.

      b.   On or about August 7, 2007, DRIMAL caused the
purchase of approximately 525,000 shares of 3Com common stock.

      c.   On or about August 7, 2007, EMMANUEL GOFFER
caused the purchase of approximately 30,000 shares of 3Com common
stock.

      d.   On or about August 7, 2007, KIMELMAN caused
the purchase of approximately 15,000 shares of 3Com common stock.

      e.   On or about August 7, 2007, PLATE caused the
purchase of approximately 65,000 shares of 3Com common stock.

      f.   On or about November 21, 2007, PLATE caused
the purchase of approximately 50,000 shares of Axcan common stock.

      g.   On or about November 27, 2007, at
approximately 4:30 p.m., ZVI GOFFER and DRIMAL spoke by telephone.

      h.   On or about November 30, 2007, in New York,
New York, ZVI GOFFER met with GOLDFARB.

      i.   On or about January 2, 2008, at approximately
3:14 p.m., GOLDFARB spoke to ZVI GOFFER by telephone.

j.    On or about February 18, 2008, at approximately 6:36 p.m., KIMELMAN spoke to ZVI GOFFER by telephone.

k.    On or about February 20, 2008, at approximately 12:55 p.m., GOLDFARB spoke to ZVI GOFFER by telephone.

l.    On or about February 26, 2008, at approximately 8:45 p.m., KIMELMAN spoke to ZVI GOFFER by telephone.

m.    On or about March 2, 2008, at approximately 7:50 p.m., ZVI GOFFER and EMANUEL GOFFER spoke by telephone.

n.    On or about March 27, 2008, at approximately 9:45 a.m., ZVI GOFFER and EMANUEL GOFFER spoke by telephone.

o.    On or about August 4, 2008, ZVI GOFFER, EMANUEL GOFFER, DRIMAL and KIMELMAN met with another individual in New York, New York.

(Title 18, United States Code, Section 371.)

## COUNTS THREE THROUGH TEN

(Securities Fraud)

The Grand Jury further charges:

37.    The allegations contained in paragraphs 1 through 15, 18, 19, 21 through 29, 31, 32, 35, and 36 are repeated and realleged as though fully set forth herein.

38.    On or about the dates set forth below, in the

Southern District of New York and elsewhere, the defendants set forth below unlawfully, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, the defendants set forth below caused the listed securities transactions to be executed on the basis of material nonpublic information:

| COUNT | DEFENDANTS | DATE | TRANSACTION |
|-------|-----------|------|-------------|
| THREE | ZVI GOFFER ARTHUR CUTILLO JASON GOLDFARB | August 7, 2007 | Purchase of approximately 75,000 shares of 3Com common stock |
| FOUR | ZVI GOFFER CRAIG DRIMAL | August 7, 2007 | Purchase of approximately 525,000 shares of 3Com common stock |
| FIVE | ZVI GOFFER EMANUEL GOFFER | August 7, 2007 | Purchase of approximately 30,000 shares of 3Com common stock |

| SIX | ZVI GOFFER MICHAEL KIMELMAN | August 7, 2007 | Purchase of approximately 15,000 shares of 3Com common stock |
|---|---|---|---|
| SEVEN | ZVI GOFFER DAVID PLATE | August 7, 2007 | Purchase of approximately 65,000 shares of 3Com common stock |
| EIGHT | ZVI GOFFER ARTHUR CUTILLO JASON GOLDFARB | September 17, 2007 | Purchase of approximately 30,000 shares of 3Com common stock |
| NINE | ZVI GOFFER EMANUEL GOFFER | September 21, 2007 | Purchase of approximately 94,000 shares of 3Com common stock |
| TEN | ZVI GOFFER DAVID PLATE | November 21, 2007 | Purchase of approximately 50,000 shares of Axcan common stock |

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2; and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

39.    As a result of committing one or more of the foregoing securities fraud offenses alleged in Counts One through Ten of this Indictment, ZVI GOFFER, ARTHUR CUTILLO, JASON GOLDFARB, CRAIG DRIMAL, EMANUEL GOFFER, MICHAEL KIMELMAN, and DAVID PLATE, the defendants, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities fraud offenses, including but not limited to the following:

19

<u>Money Judgment</u>

  a. At least a sum of money in United States currency which was derived from proceeds traceable to the commission of the securities fraud offenses.

<u>Substitute Assets Provision</u>

  40. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the

forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 28, United States Code, Section 2461; Title 18, United
States Code, Sections 371 and 2; Title 15, United States Code,
Sections 78j(b) and 78ff; and Title 17, Code of Federal
Regulations, Sections 240.10b-5 and 240.10b5-2.)


_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

21

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ZVI GOFFER, ARTHUR CUTILLO, JASON
GOLDFARB, CRAIG DRIMAL, EMANUEL GOFFER,
MICHAEL KIMELMAN, and DAVID PLATE,

Defendants.

INDICTMENT

10 Cr. ____

(Title 15, United States Code,
Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations,
Sections 240.10b-5 and 240.10b5-2; and
Title 18, United States Code, Sections 2
and 371.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

1-21-10  Filed Indictment  Case assigned to J,

Katz